**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GRETNA WIRELESS LLC, WIRELESS GENERAL 3, LLC, AND NORTH BROAD WIRELESS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **NAUTILUS INSURANCE COMPANY** | **MAGISTRATE JUDGE:** |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Nautilus Insurance Company ("Nautilus"), and, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removes the lawsuit entitled "*Gretna Wireless LLC, Wireless General 3, LLC, and North Broad Wireless v. Nautilus Insurance Company*," Case No. 2023-07484, Division "B" on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "Lawsuit"), to the United States District Court for the Eastern District of Louisiana, and shows unto this Court as follows:

**1.**

Plaintiffs, Gretna Wireless LLC, Wireless General 3, LLC, and North Broad Wireless (together "Plaintiffs"), instituted the Lawsuit by filing a Petition for Damages (the "Petition") on August 2, 2023, in the Civil District Court for the Parish of Orleans, State of Louisiana. The Petition was not served on Nautilus until December 14, 2023. A copy of all process, pleadings and orders served on Nautilus are attached hereto as Exhibit "1."

**2.**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**3.**

The Lawsuit is removed on grounds of 28 U.S.C. § 1332 diversity of citizen jurisdiction.

## COMPLETE DIVERSITY OF CITIZENSHIP

**4.**

Plaintiff Gretna Wireless, LLC is a limited liability company whose members, Mohammad Ayad and Sameer Ayad, are natural persons, each of whom is domiciled in and a citizen of Louisiana. *See* Exhibit 1, Petition, at the unnumbered paragraph preceding Paragraph 1. *See also* Exhibit "2," Louisiana Secretary of State's business records for Gretna Wireless, LLC. Thus, Plaintiff Gretna Wireless, LLC is a citizen of Louisiana for purposes of diversity jurisdiction.

**5.**

Plaintiff Wireless General 3, LLC is a limited liability company whose members, Ahmad Ayad and Sameer Ayad, are natural persons, each of whom is domiciled in and a citizen of Louisiana. *See* Exhibit 1, Petition, at the unnumbered paragraph preceding Paragraph 1. *See also* Exhibit "3," Louisiana Secretary of State's business records for Wireless General 3, LLC. Thus, Plaintiff Wireless General 3, LLC is a citizen of Louisiana for purposes of diversity jurisdiction.

**6.**

Plaintiff North Broad Wireless, LLC is a limited liability company whose member, Sameer Ayad, is a natural person who is domiciled in and a citizen of Louisiana. *See* Exhibit 1, Petition, at the unnumbered paragraph preceding Paragraph 1. *See also* Exhibit "4," Louisiana Secretary of State's business records for North Broad Wireless, LLC. Thus, Plaintiff North Broad Wireless, LLC is a citizen of Louisiana for purposes of diversity jurisdiction.

**7.**

Nautilus is an Arizona corporation with its principal place of business in Scottsdale, Arizona, and is thus a citizen of Arizona, a state other than Louisiana. *See* Exhibit "5," Louisiana Department of Insurance details for Nautilus.

**8.**

There is a complete diversity of citizenship between Plaintiffs and Nautilus.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000,
EXCLUSIVE OF INTEREST AND COSTS**

**9.**

Plaintiffs allegedly own the properties located at (1) 64 Westbank Expressway, Gretna, LA 70053, (2) 7058 Read Blvd, New Orleans, LA 70127, (3) 838 Canal Street, New Orleans, LA 70112, (4) 1425 N. Broad Street, New Orleans, LA 70119, and (5) 3711 General DeGaulle Drive, New Orleans, LA 70114 (the "Insured Properties"). *See* Exhibit 1, Petition, at Paragraph 4.

**10.**

Nautilus issued to Plaintiffs an insurance policy bearing Policy No. NN1224228 (the "Policy"), which provides certain insurance coverage for direct physical loss of or damage to Business Personal Property and for Business Income Loss, subject to the Policy's terms, conditions, limitations, and exclusions. *See* Exhibit 1, Petition, at Paragraph 6.

**11.**

The Petition alleges "Hurricane Ida caused damage to the Properties. In addition to damages related to Hurricane Ida, the properties located at 7058 Read Blvd and 1452 N. Broad Street suffered covered losses as a result of thefts perpetrated upon those locations." *See* Exhibit 1, Petition, at Paragraph 5.

**12.**

The Petition alleges that Nautilus "failed to timely tender to Petitioners a sufficient amount of money for Petitioners' losses, despite Nautilus having received satisfactory proof of loss and having had sufficient time to investigate Petitioners' loss." *See* Exhibit 1, Petition, at Paragraph 13. The Petition further alleges that "Nautilus is therefore liable unto Petitioners for the breach of

Nautilus' contract for insurance with Petitioners, as well as for Nautilus' breach of its duties of good faith and fair dealing with its insureds under La. R.S. §§ 22:1892 and 22:1973 . . . ." *See* Exhibit 1, Petition, at Paragraph 14.

**13.**

The Petition alleges the following damages: "actual costs for repairing the Property; any covered damage to business personal property; any and all covered damages to stock; any and all covered damages to improvements to the property; business income losses suffered by Petitioners, penalties, attorney's fees, and costs under La. R.S. §§ 22:1892 and 22:1973, and attorney's fees, other professional fees, and litigation costs associated with bringing this action . . . ." *See* Exhibit 1, Petition, at Paragraph 21.

**14.**

When a complaint does not identify a specific amount of damages, the removing party can establish the requisite jurisdictional amount in controversy by setting forth the facts in controversy that support a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

**15.**

Prior to filing suit, Plaintiffs submitted five (5) repair estimates totaling $306,892.56 and demanded payment thereof. *See* Plaintiffs' Demand Letter, April 19, 2022, and accompanying Estimates, attached hereto as Exhibit "6."

**16.**

Based on its thorough investigation and the inspections of the independent adjuster and engineer, Nautilus determined that no payments were owed. Further, the five Properties at issue

4

are each subject the Policy's $5,000.00 Named Storm Deductible. Thus, the contractual dispute, after subtracting the $5,000 deductible for each Property, is $281,892.56.

**17.**

The contractual dispute alone satisfies the amount in controversy requirement of $75,000. In addition, the Petition claims bad faith penalties and attorney's fees, which also increases the amount in controversy well beyond $75,000. *See* Exhibit 1, Petition, at Paragraph 21.

**18.**

Thus, the damages Plaintiffs seek to recover exceed $75,000.

**REMOVAL IS PROPER**

**19.**

The amount in controversy exceeds the requisite jurisdictional amount of $75,000.

**20.**

This is a civil action over which this Court currently has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**21.**

A copy of this Notice of Removal has been filed this day with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the State Court Notice of Removal to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, is attached hereto as Exhibit "7."

**REMOVAL IS TIMELY**

**22.**

Pursuant to 28 U.S.C. § 1446(b)(1): "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

**23.**

Removal is timely under 28 U.S.C. § 1446(b)(1) because the Petition was served on Nautilus through the Louisiana Secretary of State on December 14, 2023, within 30 days of this Notice of Removal. *See* Exhibit 1 at Return of Service.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Nautilus prays that this Notice of Removal be deemed good and sufficient as required by law, that the captioned matter be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof, issuing all necessary orders and granting all general and equitable relief to which Nautilus is entitled, and that all further proceedings in the state court be discontinued.

*[SIGNATURE BLOCK ON NEXT PAGE]*

6

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ Douglas M. Kleeman*

Douglas M. Kleeman (Bar No. 31221)
Alex A. Lauricella (Bar No. 37766)
Canal Place | 365 Canal Street, Ste. 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile:  504-568-9130
E-Mail: doug.kleeman@phelps.com
         alex.lauricella@phelps.com

**ATTORNEYS FOR DEFENDANT,
NAUTILUS INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of January, 2024 filed a copy of the foregoing

pleading with the Clerk of Court using the CM-ECF system, which sent electronic notification of

such filing to all counsel of record.


*/s/ Douglas M. Kleeman*

Douglas M. Kleeman (Bar No. 31221)

7